"Brooke, J.
The question of freedom or slavery in this case, depends on the construction of the two clauses in Ruc'ker’s will, set out in the special verdict. No doubt the intention of testators must always be carried into effect, if consistent with the rules of law. But the question is, Whether this testator did intend, that at his death Gilbert should be a free man ? If he did, the provisions in the will are very inconsistent. He says, “ it is my will and desire that my mulatto man James Gilbert should be free if he had stopped here, there would have been no doubt, that James *11 Gilbert would have been free; and here he would have stopped, if he had simply intended to emancipate him: “ but finding” fas he says) “ there would be some difficulty ° ' / . . for it to be so, and for him to remain here, that is, as a freeman, he does not desire his executors to remove that difficulty, by sending him out of the state, but desires them to lay off three acres of land, which he is to have on good behaviour; certainly not as a freeman, because as such he could impose no such condition upon him; nor could he, as he has done in the last member of the clause, subject him to the control and direction of his executors, in the character of a freeman. However much the testator desired that Gilbert should be free, it was very clear, that he was deterred by the difficulties which the law presented with respect to residence here; and, under the circumstances, determined to do what he considered next best for him; to settle him for life on a piece of land, there to enjoy the fruits of his own labour.
Both judgements are to he reversed, and judgement entered for the appellant.